Sosman, J.
Plaintiff has brought the present action against his former employer alleging that he was discharged on account of his handicap (diabetes) in violation of G.L.c. 15IB, §4(16). Defendants now move for summary judgment arguing that plaintiff has no reasonable expectation of proving that he is a handicapped person within the meaning of G.L.c. 151B, §1(17). For the following reasons, defendants’ motion is DENIED.
Facts
Plaintiff Alexander Stoupakis is a diabetic. To control his disease, he takes insulin daily and closely monitors his food intake. If, despite these precautions, plaintiffs blood sugar level varies excessively, he can suffer seizures or diabetic shock. Without regular insulin injections, plaintiff may suffer symptoms ranging from weakness, loss of consciousness, coma, or even death.
Stoupakis was employed as a mechanic by defendant Midas Muffler from May 1990 until July 13, 1991. On July 9, 1991, while Stoupakis was test driving a customer’s vehicle, he had a diabetic seizure, lost control of the vehicle, and damaged it. The following day, his employer gave him a warning telling him that unless his work improved, he would be fired. The alleged deficiency in his work related to the number of “come-backs” he had had within the prior seven months. Three days later, on July 13, 1991, Midas Muffler terminated plaintiffs employment, again citing excessive “come-backs” as the reason for the termination.
Discussion
Defendants argue that Stoupakis has no reasonable expectation of proving that he is a handicapped person as defined by G.L.c. 151B, §1(17). Under the statute, “handicap” is defined as “(a) a physical or mental impairment which substantially limits one or more major life activities of a person; (b) a record of having such impairment; or (c) being regarded as having such impairment.” The statute further defines “major life activities” as “functions, including, but not limited to, caring for one’s self, performing manual tasks, walking, seeing, hearing, speaking, breathing, learning and working.” G.L.c. 151B §1(20).
Defendants concede that plaintiffs diabetes is an “impairment,” but they argue that it does not “substantially limit” plaintiffs “major life activities” because plaintiff can and does work. If ability to work were, by itself, sufficient to take a plaintiff outside the definition of “handicapped,” there could never be a viable claim of handicap discrimination in employment. Defendants’ argument would lead to the absurd result that in proving that a plaintiff was “capable of performing the essential functions of the position involved with reasonable accommodation,” G.L.c. 15 IB, §4(16), every plaintiff would simultaneously be proving that he was not “handicapped.” This is obviously not what the statute means.
There is a genuine issue of material fact as to whether plaintiffs diabetes substantially limits one or more of his major life activities. A diabetic whose regimen of medication and diet kept his disease under control at essentially all times would probably not be substantially limited in any major life activity. However, the present record, viewed in the light most favorable to plaintiff, indicates that Stoupakis’ disease is not under such impeccable control as to take him outside of the definition of “handicapped person.” Stoupakis has provided evidence that he sometimes suffers from insulin shock, weakness, faintness and seizures due to his diabetic condition. Such symptoms would substantially interfere with many major life activities.
There is also a genuine issue of material fact as to whether Stoupakis is “regarded as having such impairment,” an alternative theory under which Stoupakis would be a “handicapped person” under the statute. Viewed in the light most favorable to plaintiff, the record would support the inference that, after the accident, defendants perceived Stoupakis as subject to seizures that would substantially limit his ability to drive, to perform manual tasks, etc. This alternative definition of “handicap” is intended to address the problem of a particular disease or condition that does not, objectively viewed, actually limit a person’s major life activities, but where some misperception or outdated stereotype about the disease makes others mistakenly believe that the person does have such limitations. For purposes of the present case, the record could support the inference that Stoupakis’ diabetes is generally under good control such that he does not in actuality suffer any substantial limitations on major life activities. However, if others (such as defendants) mistakenly believe that a diabetic under good medical control still can not drive or work around machinery, then that diabetic is “perceived” as being substantially limited in a major life activity and is thus a “handicapped person” for purposes of a G.L.c. 151B, §4(16) claim.
ORDER
For the foregoing reasons, defendants’ motion for summary judgment is DENIED.